**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIAMONDBACK FIREARMS, LLC,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:10-cv-1664-Orl-28DAB**

**SAEILO, INC., and KOOK JIN MOON,**

        **Defendants.**

## ORDER

This cause is before the Court on Plaintiff's Motion for Clarification or Reconsideration as to Claim Construction (Doc. 112) and Defendants' Response (Doc. 119) thereto.  As set forth below, the motion is granted insofar as it seeks clarification and is otherwise denied.

This suit involves the validity and alleged infringement of a patent[1] pertaining to a striker cocking and firing mechanism for a handgun.  On September 30, 2012, this Court entered an Order rejecting Plaintiff's proposed claim construction of the disputed claim term "half-cocked position." (Order, Doc. 107).  Plaintiff had proposed that this term be construed as "midpoint position of the travel of the striker, with partial striker spring compression."  The Court rejected both portions of Plaintiff's proposed construction, concluding that "half-cocked position" as used in the patent-in-suit does not require either that the striker be in the midpoint of its position of travel or that there be partial striker spring compression.  (See id.). The Court declined to provide a definition for the term, noting that Defendants had not

---

[1]U.S. Patent No. 5,502,914.

proposed a construction. (See id. at 18 & n.11).

A few weeks later, on October 19, 2012, the Court entered an Order denying Plaintiff's motion for summary judgment as to noninfringement. (Doc. 111). The patent claims at issue include the language "said striker being moveable into engagement with said cocking and releasing element in said first position and to a half-cocked position intermediate said fully-cocked position and said striking position in response to movement of said slide from said retracted position toward said first position, said cocking and releasing element in said first position maintaining said striker in said half-cocked position," and Plaintiff argued in its summary judgment motion that its accused product does not "engage" the cocking and releasing element or "maintain the striker" as stated in the claims. However, on the first point, the Court concluded that, as noted by Defendants, the language requires that the striker be "moveable into engagement" with the cam, not that it is engaged with the cam. And, on the second point, the Court concluded that there was conflicting evidence as to whether Plaintiff's product "maintains the striker" and that thus that issue could not be resolved on summary judgment.

In the motion for clarification or reconsideration that is now before the Court, Plaintiff asserts that the Court's claim construction Order (Doc. 107) and its summary judgment Order (Doc. 111) are "in conflict with each other on the issue of 'engagement.'" (Doc. 112 at 1). Plaintiff notes that in the claim construction Order, after the Court rejected Plaintiff's proposed construction and in the course of refuting Plaintiff's argument that some definition of the term was required so that "half-cocked position" would not mean the same thing as "uncocked position," the Court stated: "Failure to assign a definition to 'half-cocked position'

would not render it merely redundant to 'intermediate said fully-cocked position and said striking position.' The inventor is describing where, on this gun, the half-cocked position is, and the half-cocked position is distinguished from the uncocked position not only by its relative location but also by engagement of the striker tongue with the cocking cam." (Doc. 107 at 18). Plaintiff now argues that this statement in the claim construction Order regarding "engagement of the striker tongue with the cocking cam" in the half-cocked position is inconsistent with the Court's statement in the summary judgment Order that the claim requires that the striker be "'moveable into engagement' with the cam, not that it is engaged with the cam." (See Doc. 111 at 6). Plaintiff seeks clarification as to whether the Court's ruling is that the half-cocked position requires engagement of the striker with the cocking cam, and Plaintiff asks that the Court reconsider whether this element is found in its accused product. (See Doc. 112 at 3).

In the summary judgment Order, the Court ruled that there was some evidence in the record that in Plaintiff's accused product there is indeed engagement of the tongue of the striker with the cam, (see Doc. 111 at 8), and thus even if the Court had construed the half-cocked position as requiring such engagement, summary judgment of noninfringement could not be granted for Plaintiff. Plaintiff has presented no basis for reconsideration of that ruling; as noted in that Order, the evidence is in conflict. Accordingly, the current motion is denied insofar as it requests reconsideration of the issue of noninfringement.

Plaintiff's request for clarification, however, is granted; the Court will clarify and amend the subject paragraph of its claim construction Order. The statement in the claim construction Order that the half-cocked position is distinguished from the uncocked position

"by engagement of the striker tongue with the cocking cam" was erroneous.  In the course of refuting Plaintiff's assertion that the uncocked and half-cocked positions would be the same unless a definition was provided for "half-cocked," the Court did not choose its language carefully and employed the wrong portion of the claim language in its explanation. Instead of stating that there is "engagement of the striker tongue with the cocking cam" in the half-cocked position, the Court should have stated, in accordance with the plain claim language, that the cocking and releasing element "maintains the striker in the half-cocked position"—a condition that is part of the difference between the uncocked position and the half-cocked position.

Accordingly, the claim construction Order will be vacated, and an amended Order will be entered to reflect that the first full paragraph on page 18 of the original Order (Doc. 107) is replaced with the following paragraph:

> Diamondback's arguments in this regard are without merit.  As discussed earlier, there is variation in the firearms industry as to how terms are used, even according to Plaintiff's expert. Failure to assign a definition to "half-cocked position" would not render it merely redundant to "intermediate said fully-cocked position and said striking position."  The inventor is describing where, on this gun, the half-cocked position is, and the half-cocked position is distinguished from the uncocked position by its location intermediate the fully-cocked position and the striking position as well as by the fact that the cocking and releasing element maintains the striker in the half-cocked position. No redundancy or meaninglessness results from not defining "half-cocked position" beyond how it is already defined by the claim language itself.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Clarification or Reconsideration as to Claim Construction (Doc. 112) is **GRANTED** insofar as it seeks clarification as set forth herein and is otherwise **DENIED**.  It is further **ORDERED** that the claim construction Order (Doc. 107) is hereby **VACATED** and will be replaced with an

amended Order as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida this 7th day of December, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record