IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMONDBACK FIREARMS, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                  CASE NO: 6:10-cv-1664-Orl-28DAB

SAEILO, INC., d/b/a KAHR ARMS,
a Delaware corporation, and
KOOK JIN MOON, an individual,

    Defendants.
_____/

PLAINTIFF'S OBJECTIONS TO DEFENDANTS'
RENEWED BILL OF COSTS (DOC. NO. 224)

On February 20, 2014, Defendants filed a Renewed Bill of Costs that seeks numerous costs unquestionably excluded from taxation under 28 U.S.C. §1920, including computer animations, expert fees and mediation costs. (Doc. No. 224.) Accordingly, Diamondback requests this Court disallow the inappropriate costs and tax costs in accordance with 28 U.S.C. §1920.

I.      28 U.S.C. § 1920 CONTROLS

A court may only tax as costs those expenses authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *U.S. E.E.O.C. v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Marlite, Inc. v. Eckenrod*, 2011 U.S. Dist. LEXIS 2268 at *21 (S.D. Fla. Jan. 5, 2011). The following is an exhaustive list of recoverable costs authorized by 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and

disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court does not have discretion to award other costs. *Crawford Fitting Co.*, 482 U.S. at 445.

II.     EXPERT FEES ARE NOT RECOVERABLE UNDER §1920

   A.   Because the Court Has Ruled There to be No Evidence of Fraud, Defendants Cannot Recover Expert Fees

The single largest cost item identified by Defendants is for "Expert Fees." (Doc. No 224, p. 2.) Defendants list these "costs" as $49,100, but also add another $1,641.45 (broken out as $755.00 and $886.45) for "travel" costs of its expert, therefore totaling $51,752.85 in costs for its expert witness. The Supreme Court has held that expert witness fees are not taxable beyond $40.00 per day for their testimony:

> We think that the inescapable effect of these sections in combination is that a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.

*Crawford Fitting Co.*, 482 U.S. at 442. The Eleventh Circuit has recognized this holding, reversing a District Court's decision to tax as costs an expert witness' fees. *See Morrison v. Reichhold Chemicals*, 97 F.3d 460, 463 (11th Cir. Fla. 1996); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. Fla. 1996). There can be no doubt that Defendants cannot recover expert fees under §1920. *See id.*

2

Yet Defendants, citing *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012), contend that it may seek expert fees if the case is deemed exceptional. (Doc. No. 226, p. 4.) However, "[n]ot every case that qualifies as exceptional under § 285 will also qualify for sanctions under the court's inherent power." *MarcTec*, 664 F.3d at 921. More importantly, "[u]se of this inherent authority is <u>reserved</u> for cases where the district court makes a 'finding of <u>fraud or bad faith</u> whereby the very temple of justice has been defiled.'" *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991))(underlining added); *see also MarcTec,* 664 F.3d at 921.

In this case Judge Baker has found in two separate orders that there was no fraud associated with the alleged litigation misconduct. Defendants did not challenge this ruling and it is the law of the case. (Doc. Nos. 141, 159.) Indeed, even with Judge Baker's findings, the alleged misconduct falls far short of fraud or bad faith. Because the Court has already determined there to be no fraud by Diamondback, no expert fees can be awarded. *See Amsted Indus.*, 23 F.3d at 378; *see also MarcTec*, 664 F.3d at 921.

B. <u>There Is No Basis To Seek Travel Expenses or "Costs" For Five Days Of Trial For Bredbury, Who Testified On One Day</u>

Beyond the expert fees themselves (at an hourly rate), it is unclear how Defendants arrive at the total provided to the Court. There are references to attendance fees and "subsistence" for five days and "additional" travel costs, but these line items on the Amended Bill of Costs do not correlate with the subsequent reports or their totals. Moreover, Defendants seek charges for travel and <u>five</u> days of trial "attendance," although Mr. Bredbury testified for one day at trial (and was not even in court for all

3

days). The question of whether the Court awards travel expenses at all is within Court's discretion in awarding travel expenses, as the Fifth Circuit recognized that "cases have limited taxation of witness travel costs to 100 miles absent special circumstances." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 734 (5th Cir. Ga. 1979). There are no special circumstances in this case. Mr. Bredbury was a hired expert paid by Defendants to testify at trial. Diamondback did not call him as a witness, and Mr. Bredbury was out of Diamondback's subpoena power even had Diamondback wished to use his as a witness. His travel expenses should not be taxed.

Nonetheless, if this Court elects to award travel expenses to Mr. Bredbury, those expenses should be limited to a single day. With respect to trial appearance, Mr. Bredbury's travel expenses are further limited by 28 U.S.C. § 1821(b), which provides that "witness fees may only be taxed in accordance with per diem and subsistence rates established by the General Services Administration (GSA), and that fees should only be awarded for witnesses who <u>actually attend</u> trial or a deposition." *Castillo v. Teledyne Cont'l Motors, Inc.*, 2011 U.S. Dist. LEXIS 38080, 11-12 (S.D. Fla. Mar. 16, 2011)(emphasis added). Per diem for GSA lodging is $111 (during March 2013). (http://www.gsa.gov/portal/content/104877?utm_source=OGP&utm_medium=print-radio&utm_term=perdiem&utm_campaign=shortcuts). Mr. Bredbury only testified on a single day of trial, and therefore his "appearance" fees should be limited to $40.00 total (rather than $200.00). Likewise, his "subsistence" allowance is limited to one day at $111 per day under 28 U.S.C. §1821(b). Instead, Defendants seek $555.00 for trial. Defendants also seek airfare for Mr. Bredbury. However, if the Court chooses to tax such costs, Defendants must establish that the flights were traveled at the most economic rate. *See*

4

*Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 U.S. Dist. LEXIS 8514, *58 (S.D. Ala. Jan. 17, 2013). The documents submitted fail to show whether the flights made for Mr. Bredbury were the most economical rate, and should therefore be rejected.

There are various parking, car rental and taxi expenses, and it is unclear why all of these various transportation options were necessary or reasonable and insufficient documentation to understand these requests. Rental car expenses are not taxable. *See Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 U.S. Dist. LEXIS 8514, *58. If the Court exercises its discretion to provide any travel reimbursement, it should be in the sum of $111.00 and $40.00 in appearance fees, for Mr. Bredbury's hotel for a single day appearance at trial, while rejecting the remaining $1641.45 for other "costs" and $49,100 in impermissible expert fees.

III. <u>ANIMATION COSTS ARE NOT RECOVERABLE UNDER §1920</u>

Defendants seek $31,050 in costs associated with making trial animations. Such costs are unquestionably not recoverable costs. In *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296-97 (11th Cir. 2001), the Eleventh Circuit reversed a the District Court decision to tax animation costs, holding that "because the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), . . . taxing these costs was error." *See also Kinzenbaw v. Case LLC*, 2006 U.S. App. LEXIS 10711, *12-13 (Fed. Cir. Apr. 26, 2006)(reversing award of costs for animation and physical models in a patent infringement action).

Defendants have cited to *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989) (Dkt. #226, p.2), arguing that taxing the cost of a video

deposition and zoning map for a total of $136 somehow supports taxing $31,050 for a computer animation in this case. Defendants also cite the decision of *CEFALU v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. Ill. 2000), which held that cost of a "computerized, multi-media system they employed to present their exhibits to the jury" may be taxable if it is "necessarily obtained for use in the case." Neither of these cases is on point, nor do they relieve the Court of binding case law issued by the Eleventh Circuit directly addressing whether an animation can be taxed under §1920. The *Arcadian Fertilizer* decision binds this Court and bars animations, such as the one offered into evidence by Defendants in this case, from being taxed as a cost. Accordingly, Defendants' request for $31,050 in costs[1] associated with creating an animation submitted to the Court as one of Defendants' Trial Exhibits should be rejected.

IV. <u>TRANSCRIPT FEES/WITNESS/SERVICE FEES FOR DEPOSITIONS NOT NECESSARILY OBTAINED FOR USE IN THE CASE ARE NOT TAXABLE</u>

Defendants seek a number of transcript costs for depositions and hearing transcripts not necessary for this case. "In determining whether the costs of recording a deposition may be taxed under § 1920, a district court must decide the factual question of whether the deposition was necessarily obtained for use in a case." *Watson v. Lake County*, 492 Fed. Appx. 991, 996 (11th Cir. Fla. 2012). "Admission into evidence or use for cross-examination 'tends to show that it was necessarily obtained.'" *Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 U.S. Dist. LEXIS 8514 (S.D. Ala. Jan. 17, 2013)(quoting *United States Equal Employment Opportunity Commission v. W&O, Inc.*,

---

[1] Not only is it clear that the animation costs are not taxable, the costs in this case are exorbitant. Diamondback provided the CAD models needed for the animation to Defendants, thus the only step needed for the animation was to put the drawings in motion. Diamondback received a quotation for preparing animations exactly like Defendants' animation, using the same CAD models, for $1,800-$2,400.

6

213 F.3d 600, 621 (11th Cir.2000)); *Smith v. Naples Cmty. Hosp., Inc.*, 2011 U.S. Dist. LEXIS 37104, *5 (M.D. Fla. Mar. 23, 2011).

    A.    <u>The Testimony of Messrs. Horan and Griggs Was Irrelevant to Issues in the Case</u>

Defendants took the depositions of Messrs. Horan and Griggs, a former employee and an unrelated third party respectively, for reasons unrelated to any issue actually in dispute. Mr. Horan appears to have been deposed in an effort to argue Diamondback copied Kahr and/or willfully infringed the '914 Patent, yet Defendants failed to plead a claim for infringement, much less willful infringement. Because of this fact, Mr. Horan's testimony on these matters was irrelevant and was not used at trial. The reason for Mr. Griggs' testimony is even more attenuated. Mr. Griggs is a firearms dealer who offered his input on the commercial viability of features that were (or were not) part of the DB380. There was no possible relevance of his testimony at the time of the deposition or any time since to issues in this case, namely questions of infringement and invalidity of the DB380. Although listed as witnesses for trial, neither witness was called at trial nor was the testimony offered, as none of their testimony was relevant to the issues presented at trial. The transcript fees of $798.90 and the witness/mileage/service fees of $257.01 should be rejected.

    B.    <u>The Testimony of Mr. Goodman Only Addressed Damages, Which Was Not an Issue in the Case</u>

Likewise, Defendants seek costs for the deposition of Jason Goodman, a former Diamondback employee deposed solely on issues related to Diamondback's sales and issues of damages. Of course, this Court ruled that Defendants failed to plead any claim for damages, therefore Mr. Goodman's testimony was entirely irrelevant to any issue in

7

the case. The Court should reject the transcript fee of $382.40 and the witness/mileage/service fees of $115.50.

### C. The Testimony of Mr. Bradford was Irrelevant and Not Noticed to Diamondback

Defendants also seek the transcript fees for the "Sworn Statement of Matthew Thomas Bradford" in the amount of $523.00. Like with Mr. Horan, Defendants sought information regarding the development of the DB380 for purposes of willful infringement. Because willful infringement was not an issue, this testimony was unnecessary and irrelevant. Defendants will likely argue that the testimony of Horan and Bradford related to questions of whether float existed in the DB380 at various times during the production of the DB380. However, according to Defendants' own briefs, the issue of float was irrelevant to infringement and validity. (*See, e.g*., Doc. No. 91, p. 6, Doc. No. 127, p. 3.) Thus Mr. Bradford's testimony on this issue was irrelevant and his testimony was not offered at trial.

Moreover, Mr. Bradford was not noticed for deposition…Defendants arranged for a secret sworn statement to be given without providing notice (or the opportunity to object) to the declaration. The Eleventh Circuit has held that where a deposition is properly noticed to be recorded by nonstenographic means without objection, the cost for the recording means is taxable. *Morrison v. Reichhold Chems*., 97 F.3d 460, 464-465 (11th Cir. Ga. 1996). Alternatively, where, as here, there was no notice and no ability of Diamondback to object or attend the recorded statement of Mr. Bradford, the cost ($523.00) should be denied.

### D. The Video Costs for Defendants' Witnesses, Moon, Naik, and Wada, Were Unnecessary and Should be Rejected

Defendants obtained the videography for witnesses Moon, Naik and Wada, though these were Defendants own employees. Mr. Moon was at trial and called by Defendants to testify live, while Mr. Naik was also at trial and could have testified live if either Diamondback or Defendants wished to call him as a witness. There was no need for these videos to Defendants and the costs, $724.00, should be rejected.

### E. The Miscellaneous Reporter Charges for the Transcripts are Not Taxable

Numerous add-on and miscellaneous court reporter fees are not taxable. For example, postage is not a taxable cost. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). "Nor are charges for expedited transcripts, condensed transcripts, ASCII or electronic transcripts, and formatting or synchronizing video depositions." *Tampa Bay Water v. HDR Eng'g, Inc.*, 2012 U.S. Dist. LEXIS 157631, 56-57 (M.D. Fla. Nov. 2, 2012); *Ferguson v. Bombardier Servs. Corp.*, 2007 U.S. Dist. LEXIS 12087 (M.D. Fla. Feb. 21, 2007); *Waste Servs., Inc. v. Waste Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 28652 (M.D. Fla. Apr. 18, 2007). Some of the "transcript" costs sought by Defendants actually include these barred expenses, and others include the expenses but not in an itemized manner to allow the deduction of such costs. Two of the hearing transcripts -- the *Markman* hearing of March 1, 2012 and pretrial conference of December 18, 2012 -- were ordered on an expedited basis, though there appears to have been no reason to do so beyond convenience of counsel. These transcription costs should be barred or at least cut in half because expedited transcripts are not taxable. *See id*. Below is a chart, based on the invoices submitted by Defendants, of the costs charged for the "transcripts."

Diamondback does not dispute that actual transcript costs are generally taxable (subject to the objections raised above on specific depositions). However, several of the invoices, those denoted below with an asterisk, lumped together a mixture of taxable and non-taxable items, such as transcription plus condensed transcripts or a "summary." *See, e.g.,* Doc. No. 197, p. 34. The costs in Columns C-D and F-G should be denied, as each was unnecessary (video) or included a non-taxable cost such as postage or other charges. Moreover, the expedited charges in Column E should be rejected or at least halved, as such charges are not taxable. *See id*. Therefore, of the transcript costs sought by Defendants, at least $4,496.46 should be deducted.

| [A] Deponent/ Hearing/ Date | [B] Cost of Transcript Appearance Fee | [C] Video Charges | [D] Copying Charges | [E] Expedited Transcript Fee | [F] Postage/ Delivery/ ASCII/ Condensed Charges | [G] Disc/ Synchron./ Misc. Charges |
|---|---|---|---|---|---|---|
| Naik and Wada June 22, 2011 | | | | | $ 30.00 | $ 180.00 |
| Naik and Wada June 22, 2011 | $ 404.25 | | | | $ 50.00 | |
| Moon September 22, 2011 | $ 847.65 | $ 544.00 | $ 90.75 | | $ 70.07 | $ 120.00 |
| Thomas February 9, 2011 | $*1,447.54 | $ 707.50 | | | | |
| Fleckinger February 10, 2012 | | $ 390.00 | | $ 509.48 | | |
| Horan and Griggs April 4, 2012 | $ *778.68 | | | | $ 14.30 | $ 85.80 |
| Goodman April 5, 2012 | $ 420.64 | | | | | |
| Bredbury May 9, 2012 | $ 438.75 | | | | $ 44.00 | |
| Nixon May 3, 2012 | $ *924.55 | $ 675.00 | $ 66.00 | | $ 22.30 | $ 27.50 |

10

| [A]<br>Deponent/<br>Hearing/<br>Date | [B]<br>Cost of<br>Transcript<br>Appearance<br>Fee | [C]<br>Video<br>Charges | [D]<br>Copying<br>Charges | [E]<br>Expedited<br>Transcript<br>Fee | [F]<br>Postage/<br>Delivery/<br>ASCII/<br>Condensed<br>Charges | [G]<br>Disc/<br>Synchron./<br>Misc.<br>Charges |
|---|---|---|---|---|---|---|
| Thomas<br>January 21, 2013 | $ *575.08 | $ 250.00 | $ 17.16 | | $ 21.80 | $ 16.50 |
| Thomas<br>January 22, 2013 | $ *544.50 | | | | $ 14.30 | $ 16.50 |
| Claim Construction<br>Hearing<br>March 1, 2012 | | | | $ 349.20 | | |
| Final Pretrial<br>Conference<br>December 18, 2012 | | | | $ 184.30 | | |
| TOTAL[2] | $ 6,381.64 | $ 2,566.50 | $ 173.91 | $ 1,042.98 | $ 266.77 | $ 446.30 |

V.  ATTENDANCE COSTS FOR WITNESSES WHO DO NOT ATTEND ARE NOT TAXABLE

As set forth above, witness fees should "only be awarded for witnesses who actually attend trial or a deposition." *Castillo v. Teledyne Cont'l Motors, Inc.*, 2011 U.S. Dist. LEXIS 38080, 11-12 (S.D. Fla. Mar. 16, 2011). Defendants seek witness fees of $120, service fees of $150, and mileage fees of $158.92 for Messrs. Horan, Goodman, and Bradford, three witnesses not called at trial. These costs should be rejected because these witnesses did not actually attend trial. *See id*.

VI.  MEDIATION EXPENSES ARE NOT TAXABLE

Defendants seek mediation costs of $1,750. (Doc. No. 224.) Mediation fees are not taxable as they are not authorized by 28 U.S.C. § 1920. *See Scelta v. Delicatessen*

---

[2] These totals are based on the invoice totals. It appears that Defendants may have received discounts for timely payment on some or all invoices, but Diamondback has no way to know how that discount was applied, whether from taxable or non-taxable items, thus for purposes of its chart it has used the invoice totals.

11

*Support Services, Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) (costs for mediation fees are not recoverable because these expenses are not enumerated in the statute); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000) (mediation fees not compensable under § 1920). Therefore the Court should not tax the cost of mediation against Diamondback.

VII. THE FEBRUARY 1, 2012 HEARING TRANSCRIPT WAS NOT NECESSARY FOR TRIAL AND SHOULD NOT BE TAXED

Defendants seek $127.75 for the transcript of the hearing before Judge Baker on Defendants Motion for Emergency Relief (Doc. No. 132). There is no reason why this transcript was necessarily obtained for use in a case. Instead, Judge Baker ruled on the motion at hand and the outcome played no role in any issue at trial. Therefore the Court should reject the taxing of $127.75 for the February 1, 2013 hearing. *See Watson v. Lake County*, 492 Fed. Appx. at 996.

VIII. CONCLUSION

In total, Defendants ask this Court to tax $95,902.41. (Doc. No. 224.) Of these costs, binding case law bars the taxing of expert fees, animations, and mediation costs, eliminating $81,900 of the requested costs. Defendants further seek expert travel expenses and appearance fees that should be eliminated all together, or at the very least reduced from $1641.45 to $151.00. Finally, because of unnecessary transcripts and witness fees and untaxable reporter costs, the costs for transcripts and subpoenas should be reduced from $11,344.94 to $6,848.48. Thus, the total allowable costs (assuming all expert costs are eliminated) is $6,853.10.

Respectfully submitted March 6, 2014.

    s/Brian R. Gilchrist
Brian R. Gilchrist, Florida Bar No. 774065
bgilchrist@addmg.com
Ryan T. Santurri, Florida Bar No. 0015698
rsanturri@addmg.com
Allen, Dyer, Doppelt, Milbrath
  & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802-3791
Telephone:    407-841-2330
Facsimile:    407-841-2343

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2014 , I electronically-filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") System, which will send a Notice of Electronic Filing to the following CM/ECF participants:

| | |
|---|---|
| Douglas C. Spears, Esquire<br>dspears@swannhadley.com<br>John R. Stump, Esquire<br>jstump@swannhadley.com<br>Swann Hadley Stump, Dietrich<br>& Spears, P.A.<br>1031 West Morse Blvd., Suite 350<br>Post Office Box 1961<br>Winter Park, Florida 32790-1961<br>Telephone:    407-647-2777<br>Facsimile:    407-647-2157<br><br>*Counsel for Defendants* | Clifford P. Kelly, Esquire<br>ckelly@pctlaw.com<br>Alix, Yale & Ristas, LLP<br>750 Main Street<br>Hartford, Connecticut 06103-2721<br>Telephone:    860-527-9211<br>Facsimile:    860-527-5029<br><br>*Counsel for Defendants*<br><br><br><br>s/Brian R. Gilchrist<br>Brian R. Gilchrist, FL Bar No. 774065 |