IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DIAMONDBACK FIREARMS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No: 6:10-cv-1664-Orl-28DAB |
| | ) |
| v. | ) |
| | ) |
| SAEILO, INC. d/b/a KAHR ARMS, et al. | ) |
| | ) |
| Defendants. | ) |

### RESPONSE MEMORANDUM IN OPPOSITION OF PLAINTIFF'S OBJECTION TO BILL OF COSTS (DOC# 234)

Defendants file this Response to Doc# 234 (Plaintiff's Objection to Defendants' Renewed Bill of Costs) as permitted by the Court by Order dated March 21, 2014. Plaintiff argues that expert fees should be limited to the one day that Mr. Bredbury testified even though he was present for the entire trial and advised defense counsel throughout on the testimony given by both the lay witnesses and Plaintiff's expert. Plaintiff's objection as to charges for the computer animations relies on an 11th Circuit decision that was rendered before the 2008 amendments to 28 U.S.C. § 1928. Finally, each of the depositions that the Plaintiff wants excluded from the Bill of Costs was necessarily obtained for use in this case.

### Defendants are entitled to reimbursement for more than the single day that their expert testified.

Defendants concede that the expert witness fees sought are allowable only if the case is deemed exceptional by the Court. This is also true with respect to Defendants' request for attorneys' fees. That application was denied without prejudice by this Court pending the outcome of the appeal of various orders and the final judgment. Defendants suggest that the issue of entitlement to expert witness fees be handled in the same fashion.

Plaintiff argues that witness fees and travel expenses for Defendants' expert Seth Bredbury should be limited to the one day that he testified. In support of this position, Plaintiff cites *Castillo v. Teledyne Cont'l Motors, Inc.*, 2011 WL 1343051 (S.D. Fla. 2011). While *Castillo* does set out a requirement that a witness must **attend** the trial for costs to be taxed related to that witness, that case does not state that fees must be limited to days spent testifying. Other courts have found that "[w]itness fees are not limited to days of actual testimony. Fees may be taxed for days that the witness is reasonably and necessarily present at trial." *Esler v. Safeway Stores, Inc.*, 77 F.R.D. 479, 482 (W.D. Mo. 1978) (quoting *Am. Steel Works v. Hurley Const. Co.*, 46 F.R.D. 465, 468 (D. Minn. 1969).

The subject matter of this patent infringement case involving the design and manufacture of a firearm and the interworking of its component parts as compared to the specifications of the '914 patent was inherently technical from start to finish. Mr. Bredbury was present for the entire trial and advised defense counsel throughout on the testimony given by both the lay witnesses and Plaintiff's expert. Furthermore, his presence was necessary so that he could respond directly to testimony offered by Plaintiff's witnesses. The core of Plaintiff's case was the testimony of Brad Thomas and their expert, John Nixon. Mr. Bredbury was called upon to address areas of their testimony he heard. Furthermore, Plaintiff did not produce its own animation of the operation of its infringing firearm, the DB380, but rather used, over Defendants' objection, the animation Defendants produced at substantial cost with Mr. Bredbury's assistance and direction. This animation and its technical drawings and specifications for the infringing firearm were used extensively throughout the testimony of both Brad Thomas and John Nixon during the first and second days of trial. Mr. Bredbury's presence during this testimony was both reasonable and necessary to the defense of the case and the costs associated with his presence during trial are taxable.

### **Defendants are entitled to reimbursement of animation expenses.**

Plaintiff's objection to the costs of producing the animation of the operation of the infringing firearm is somewhat incredible. As the Court will recall, **Plaintiff** used this very animation extensively **in their case in chief**, rather than producing its own animation. When Defendants objected to the use of the animation by Plaintiff the Court indicated that it would allow Plaintiff to use it, but that this would be something that could be addressed when it came time to tax costs. Plaintiff clearly believed that the animation was necessary to enable the jury to understand the technology involved and its assertion that its costs aren't taxable ring very hollow.

Beginning on page 5 of its response, Plaintiff argues that §1920 does not allow for recovery of animation costs. Plaintiff cites *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293 (11th Cir. 2001) in support of its argument. The Eleventh Circuit in *Arcadian Fertilizer* ruled that an item must fit within the category of "copies of papers" in order to be taxable under §1920(4). The *Arcadian* Court noted that "[u]ntil Congress sees fit to amend the language of §1920 to include the innovative technologies currently used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1297-98 (11th Cir. 2001). This language proved prescient. In 2008, Congress amended §1920(4) by removing the "copies of paper" language. The current §1920(4) allows taxation of costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" As noted in the memorandum supporting the award of fees and costs, other courts, even prior to the change in §1920(4), allowed taxation of costs for this type of evidentiary aid. "The proper test to be applied here with respect to the photographs and movies is whether they were necessary for a proper determination of issues presented and whether they were a material aid to the court in resolving disputed questions of

3

fact." *Kaiser Industries Corp. v. Mclouth Steel Corp.*, 50 F.R.D. 5, 11 (E.D. MI 1970). Costs may include a computerized, multi-media system employed to present exhibits to the jury if it is reasonably necessary to present information. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-429 (7th Cir. 2000).

Finally, Plaintiff mentions in footnote one of its objection that the animation costs sought by the Defendants are exorbitant and claims to have received quotes for similar work in the $1,800-$2,400 range. While it presents no evidence to support this claim, it is doubtful that the work could be done for that price and it is disingenuous for Plaintiff to complain about the cost for animation when it was Plaintiff's own late "discovery" of additional CAD files that resulted in the animations being edited and reworked right up to the eve of trial. Perhaps the Plaintiff's claims that the animation work could have been completed for less money would carry more weight if it had actually commissioned its own animations rather than relying on the Defendants'. The costs of producing the animation for trial must be allowed in full.

### Defendants are entitled to costs related to the deposition transcripts.

Defendants concede that the deposition transcript for Mr. Goodman should not be taxed as his testimony related solely to damages which were not allowed as part of this case. Otherwise the costs sought should be taxed.

Mr. Horan and Mr. Griggs were identified by Plaintiff as people who were involved in the design of the DB380. In fact, Mr. Horan's testimony called into question Plaintiff's theory that the striker in the DB380 had "float" and, therefore, did not infringe. The fact that Plaintiff's theory was ultimately deemed irrelevant by the Court does not change the fact that it was necessary for Defendants to obtain this testimony for use in the case. Likewise, the sworn statement of Matthew Bradford was submitted to the Court and directly used in connection with establishing that Plaintiff had failed to produce the full set of design drawings during discovery

4

resulting in an order compelling production of those documents and further examination of Brad Thomas prior to trial.

Plaintiff's objection to the video costs in connection with the depositions they took, by video for potential use at trial, of Messrs. Moon, Naik and Wada is, again, somewhat incredible. Plaintiff used the video deposition of Mr. Moon at trial and designated portions of the video depositions of Naik and Wada as well, though in the end they did not play them. To assert that obtaining copies of these videos, recorded at the direction of Plaintiff, were not necessarily obtained for use in the case makes no sense. These costs are taxable in full.

Defendants concede that Plaintiff's objections to the costs for mediation and the costs associated with witnesses who did not attend trial are well taken and those items are withdrawn.

## **CONCLUSION**

Based on the foregoing, Defendants request that the issue of the recovery of expert witness fees be denied without prejudice pending the outcome of the appeal in this case. Further, Defendants request taxation of costs in the amount of $43,318.08 (as reflected on the attached Schedule A) taking into account those matters argued above.

s/ Douglas C. Spears
DOUGLAS C. SPEARS
Florida Bar No.: 373801
Swann Hadley Stump
Dietrich & Spears, P.A.
1031 W. Morse Blvd., Suite 350
Winter Park, FL 32789
dspears@swannhadley.com
Telephone:   (407) 647-2777
Facsimile:   (407) 647-2157

Clifford P. Kelly
Alix, Yale & Ristas, LLP
750 Main Street, 14th Floor
Hartford, CT 06103-2721
ckelly@pctlaw.com
Telephone: (860) 527-9211
Facsimile: (860) 527-5029

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY on March 27, 2014, I filed the foregoing using the CM/ECF system which will send notice to: Brian R. Gilchrist, Esq., and Ryan Thomas Santurri, Esq., Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., P. O. Box 3791, Orlando, Florida 32802.

                                            s/Douglas C. Spears
                                            Douglas C. Spears

## SCHEDULE A

| | |
|---|---:|
| Renewed Bill of Costs | $95,902.41 |
| **Witness fees for trial** | |
| Bobby Horan | -178.43 |
| Robert Griggs | -74.68 |
| Jason Goodman | -159.56 |
| Matthew Bradford | -78.76 |
| **Service of process for trial witnesses** | |
| Bobby Horan | -50.00 |
| Robert Griggs | -50.00 |
| Jason Goodman | -50.00 |
| **Goodman deposition** | |
| Transcript | -382.40 |
| Jason Goodman - witness fee and mileage | -65.50 |
| Service of process for deposition | -50.00 |
| **Expert witness** | |
| Seth Bredbury – attendance – (4 days instead of 5) | -40.00 |
| Seth Bredbury – subsistence | -555.00 |
| Expert Fees | -49,100.00 |
| Jay Cohen – mediation | -1,750.00 |
| TOTAL | $43,318.08 |